UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JAMIE DOWNARD, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    No. 4:15-CV-1365 CAS |
| | ) |
| DOLLAR TREE STORES, INC., et al., | ) |
| | ) |
|     Defendants. | ) |

## MEMORANDUM AND ORDER

This removed diversity matter is before the Court on plaintiff's Motion to Remand. Defendant Dollar Tree Stores, Inc. ("Dollar Tree" or "defendant") opposes the motion and it is fully briefed. For the following reasons, the Court will deem defendant's Notice of Removal amended by the exhibits submitted with its opposition memorandum, pursuant to 28 U.S.C. § 1653, and deny plaintiff's Motion to Remand.

## I. Background

On April 2, 2015, plaintiff Jamie Downard filed suit against Dollar Tree in the Circuit Court of St. Louis County, State of Missouri. The Petition alleged a state law claim for personal injury arising from a slip and fall on Dollar Tree's store premises. Defendant removed the action to this Court pursuant to 28 U.S.C. §§ 1332 and 1441 on May 18, 2015. The Petition alleged in part that plaintiff sustained in the fall "serious, painful, permanent and progressive injuries to the bones, joints, ligaments, tendons, muscles, nerves, vessels and tissues of her knees, abdomen, umbilical hernia, trapezius, pelvis, chest, neck cervical spine, parascapular and back." It also alleged that plaintiff had incurred medical expenses of approximately $40,000 and would incur additional medical expenses in the future, and had incurred lost wages of $2,500 with the potential for more

wage loss. The prayer for relief sought an amount in excess of $25,000. See Downard v. Dollar Tree Stores, Inc., No. 4:15-CV-791 CAS (E.D. Mo.). The day after the case was removed, plaintiff filed a notice of voluntary dismissal without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i). Because Dollar Tree had already filed its Answer, leave of Court was required to dismiss the case. See Fed. R. Civ. P. 41(a)(2). The Court construed plaintiff's notice as a motion for leave to voluntarily dismiss and granted it on June 1, 2015.

On July 16, 2015, plaintiff filed a second suit in the Circuit Court of St. Louis County, State of Missouri, this time naming as defendants Dollar Tree and two John Does. Dollar Tree removed the case to this Court pursuant to 28 U.S.C. §§ 1332 and 1441 on September 2, 2015. The Petition alleges the same facts and injuries as the first petition, but alleges that plaintiff had incurred medical expenses "in an unknown sum and will incur additional medical expenses in the future." Petition at 2, ¶ 10. The Petition alleges lost wages of $2,500 with the potential for additional wage loss, and the prayer for relief seeks an amount in excess of $25,000. Id. at 3.

The Notice of Removal states that plaintiff claims permanent and progressive injuries to her body, including knees, back and spine, medical expenses of approximately $40,000 and that more medical treatment will be necessary in the future, and lost wages of $2,500 with the likelihood of additional lost wages. No affidavits or exhibits accompany the Notice of Removal.

**II. Legal Standard**

In removal cases, the district court reviews the complaint or petition pending at the time of removal to determine the court's jurisdiction. St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283 (1938). The district court may also look to the notice of removal to determine its jurisdiction. 28 U.S.C. § 1446(c)(2)(A)(ii); Ratermann v. Cellco P'ship, 2009 WL 1139232, at *3 (E.D. Mo. Apr. 28, 2009). The removing defendant, as the party invoking jurisdiction, bears the

2

burden of proving that all prerequisites to jurisdiction are satisfied. Central Iowa Power Co-op. v. Midwest Indep. Transmission Sys. Operator, Inc., 561 F.3d 904, 912 (8th Cir. 2009). Removal statutes are strictly construed, and any doubts about the propriety of removal and the existence of federal jurisdiction are to be resolved in favor of remand. Dahl v. R.J. Reynolds Tobacco Co., 478 F.3d 965, 968 (8th Cir. 2007).

**III. Discussion**

Plaintiff moves to remand the case to state court, asserting defendant has not met its burden to prove by a preponderance of the evidence that an amount in excess of $75,000 is at stake, as the petition only alleges a claim of $2,500 in lost wages, and medical treatment and unspecified expenses. Plaintiff states there are no interrogatories, admissions, affidavits, settlement demands or other types of evidence to support defendant's allegations concerning the amount in controversy. Plaintiff specifically notes that her prior petition was dismissed, "so the pleading is abandoned and of no consequence, and defendant has not introduced it as evidence." Pl.'s Mem. Supp. Mot. Remand at 4, n.2 (Doc. 7).

Defendant responds that plaintiff's Petition alleges serious, permanent and progressive and debilitating injuries to various body parts, that she has received medical treatment and will continue to do so, and has incurred lost wages of $2,500 and will continue to do so. In addition to arguing that the allegations of the Petition itself establish the requisite amount in controversy, defendant offers two exhibits to establish the amount in controversy: (1) a settlement demand letter from plaintiff's counsel dated April 23, 2014, which details plaintiff's injuries, treatment rendered and medical bills already incurred in the amount of $37,877.28, and lost wages of $1,841.22; and (2) plaintiff's Petition from the first suit, which included the allegation that plaintiff had incurred medical bills of approximately $40,000.

Plaintiff replies that the Court's jurisdiction is measured at the time of removal, citing Hargis v. Access Capital Funding, LLC, 674 F.3d 783, 789 (8th Cir. 2012), and defendant may not set forth additional exhibits to supplement the record regarding removal after the Notice of Removal was filed, citing Lowery v. Alabama Power Co., 483 F.3d 1184, 1214 n.6 (11th Cir. 2007). Plaintiff asserts that the "Notice [of Removal] would need to be amended if defendant wanted to base its removal on pleadings or other papers that it received after filing the Notice," but contends that defendant cannot amend the Notice of Removal in this case because the evidence it wishes the Court to consider is not newly acquired and could have been included with the Notice. Pl.'s Reply at 4 (Doc. 11).

Defendant's Notice of Removal is defective because it does not include any evidence to support the assertion that the amount in controversy exceeds $75,000. Plaintiff's assertion that a defendant cannot amend its notice of removal is incorrect, however. A leading federal practice treatise explains that a notice of removal may be amended after the thirty-day period in which it must be filed to "correct[] defective allegations of jurisdiction, but not to add a new basis for removal jurisdiction." 16 James Wm. Moore, et al., Moore's Federal Practice § 107.30[2][a][iv] (3d ed. 2014); see 28 U.S.C. § 1653 ("Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts."). Section 1653 gives district and appellate courts the power to remedy inadequate jurisdictional allegations, but not defective jurisdictional facts. Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 831-32 (1989).

The Supreme Court's decision in Willingham v. Morgan, 395 U.S. 402 (1969), is controlling. There, the defendants asserted the federal officer defense as a basis for removal. The plaintiff's motion for remand alleged that the defendants were not acting within the scope of their official duties at the time in question. The Supreme Court pointed out that "[t]he only facts in the record

4

which in any way respond to this allegation appear in [the defendants'] affidavits in support of their motion for summary judgment." Id. at 407. In a footnote, the Court stated, "This material should have appeared in the petition for removal. However, for purposes of this review, it is proper to treat the removal petition as if it had been amended to include the relevant information contained in the later-filed affidavits." Id. at 407 n.3. The amendment permitted in Willingham went to the merits of a previously raised ground for removal, rather than the assertion of the ground itself. The same is true in this case, as defendant's Notice of Removal asserts federal jurisdiction based on diversity of citizenship and the exhibits it offers in opposing the Motion to Remand establish the requisite amount in controversy.

Several of the circuit courts of appeals have interpreted Willingham to allow removing defendants to amend notices of removal by adding affidavits or exhibits under circumstances comparable to this case. Directly on point is Cohn v. Petsmart, Inc., 281 F.3d 827, 839-40 & n.1 (9th Cir. 2002) (per curiam), a diversity case where the notice of removal was defective because it summarily alleged that the amount in controversy exceeded $75,000, without any supporting evidence. Citing Willingham, the Ninth Circuit held the district court did not err in construing Petsmart's opposition to plaintiff's motion to remand, which included plaintiff's demand letter, as an amendment to the notice of removal.

>The Third Circuit has stated,
>
>The Supreme Court has upheld removal where jurisdictional facts required to support the removal were found in later-filed affidavits rather than in the notice of removal. . . . . [A]lthough we are mindful that courts construe removal statutes strictly with all doubts resolved in favor of remand, . . . we are satisfied that sections 1446(a) and 1653, together with the Supreme Court's opinion in Willingham, permit a court to consider jurisdictional facts contained in later-filed affidavits as amendments to the removal petition where, as here, those facts merely clarify (or correct technical deficiencies in) the allegations already contained in the original notice.

5

USX Corp. v. Adriatic Ins. Co., 345 F.3d 190, 205 n.12 (3d Cir. 2003); see also Ruppel v. CBS Corp., 701 F.3d 1176, 1184 n.1 (7th Cir. 2012) (noting that while exhibits attached to defendant's Rule 59(e) motion in the district court supported the jurisdictional allegations in its notice of removal, "CBS could also have amended its notice of removal and added supporting exhibits under 28 U.S.C. § 1653" (citing Willingham )); Grinnell Mut. Reinsurance Co. v. Haight, 697 F.3d 582, 584-85 (7th Cir. 2012) (granting defendant's request to amend its jurisdictional allegation concerning the amount in controversy on appeal; defendant submitted additional facts concerning the plaintiff's injuries and her settlement demand); cf. In re Methyl Tertiary Butyl Ether ("MTBE") Prods. Liab. Litig., 488 F.3d 112, 129 (2d Cir. 2007) (stating the defendants had not made a particular allegation in the notice of removal, "[n]or do they cite any later-filed affidavits which could provide the basis for us to treat the removal petitions as amended to include those allegations" (citing Willingham)).

The Eighth Circuit's decision in Iron Cloud v. Sullivan, 984 F.2d 241 (8th Cir. 1993), is instructive as to the difference between defects in jurisdictional facts and in jurisdictional allegations. In Iron Cloud, the Eighth Circuit stated it could grant leave to amend for defective allegations of jurisdiction under 28 U.S.C. § 1653, but held the statute was not appropriately invoked where plaintiffs sought to amend their complaint on appeal to add plaintiffs who had standing. The Court stated the plaintiffs' motion "plainly seeks to overcome a defect in the jurisdictional facts. The motion therefore is not a proper § 1653 motion and must be denied." Id. at 243-44 (citing Newman-Green, 490 U.S. at 831).

Here, it is appropriate for the Court to treat Dollar Tree's Notice of Removal as amended under § 1653 and Willingham to include plaintiff's demand letter and first petition as supporting exhibits. Defendant does not seek to change the jurisdictional facts, as it is clear that federal

diversity jurisdiction was present at the time the Notice of Removal was filed. Rather, the amendment cures the technically defective jurisdictional allegations in the Notice of Removal.

Having considered the demand letter and first petition, the Court finds that defendant has met its burden to establish by a preponderance of the evidence that an amount in excess of $75,000 is in controversy, based on the nature and extent of the injuries alleged in plaintiff's Petition, the medical expenses incurred so far of almost $40,000 with additional expenses expected, and lost wages of $2,500 with additional lost wages expected.

**IV. Conclusion**

For the foregoing reasons, the Court treats defendant Dollar Tree's Notice of Removal as amended by the demand letter and prior petition submitted with its opposition to plaintiff's Motion to Remand. The Court finds that defendant has met its burden to establish by a preponderance of the evidence that an amount in excess of $75,000 is in controversy. As a result, the Court concludes that it has subject matter jurisdiction over this action and plaintiff's Motion to Remand must be denied.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's Motion to Remand is **DENIED**. [Doc. 6]

**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this   23rd   day of November, 2015.