UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JAMIE DOWNARD, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:15-CV-1365 CAS |
| DOLLAR TREE STORES, INC., et al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This removed diversity matter is before the Court on its own motion. The Court notes that plaintiff has sued two fictitious parties. In general, it is impermissible to name fictitious parties as defendants. Phelps v. U.S. Federal Government, 15 F.3d 735 (8th Cir.), cert. denied, 511 U.S. 1114 (1994). "[A]n action may proceed against a party whose name is unknown if the complaint makes allegations specific enough to permit the identity of the party to be ascertained after reasonable discovery." Estate of Rosenberg by Rosenberg v. Crandell, 56 F.3d 35, 37 (8th Cir. 1995) (quoting Munz v. Parr, 758 F.2d 1254, 1257 (8th Cir. 1985)). "If discovery identifies other persons who should be named as defendants, it will be simple enough for plaintiff to add them by amendment, after properly securing leave of court." Id. In such a case, rather then dismissing a claim, a court should order the disclosure of the fictitious party's identity by other defendants named and served, or permit the plaintiff to identify the person through discovery. Munz, 758 F.2d at 1257.

In this case, the petition assert claims against a named defendant and also "John Doe 1" and "John Doe 2." The petition describes the Doe defendants as employees or agents of named defendant Dollar Tree Stores, Inc. Pet. at 2, ¶ 2. The petition alleges that the Doe defendants were negligent by failing to remove a slippery substance from the floor of a Dollar Tree Store, barricade

and prevent patrons from stepping on the substance, and warn of the existence of the substance. Pet. at 3-4, ¶ 8. The Court finds the petition's allegations against the Doe defendants are specific enough to permit their identity to be ascertained after reasonable discovery. Plaintiff should promptly seek leave of Court to amend her complaint after ascertaining the identity of the unknown defendants.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff shall Plaintiff shall promptly seek to ascertain the identity of the fictitious party defendants through discovery and move for leave to amend her complaint to identify these persons by **March 14, 2016**.

**Failure to comply timely with this order will result in dismissal without prejudice of plaintiff's claims against any unserved defendants**.

 

 

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  20th  day of January, 2016.